UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06366-GHK (PLAx) | Date | January 3, 2008 |
|---|---|---|---|
| Title | *Red, et al. v. Focus Features Int'l, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE: DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion"). We have considered the papers filed in support of and opposition to this Motion and we deem this matter appropriate for resolution without oral argument. *See* L.R. 7-15. As the parties are familiar with the facts of this case, we will repeat them only as necessary.

**I.   Legal Standard**

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept the allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiff. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). However, we need not accept as true conclusory allegations or legal characterizations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Transphase Sys., Inc. v. S. Cal. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993). Additionally, "we are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," *Id.* (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998)), or by "matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Claims should be dismissed only when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Further, if dismissal is warranted, leave to amend should be granted, even if the plaintiff does not request it, unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**II.   Discussion**

Plaintiffs Eric Red, Redworks, Redworks Inc., Kathryn Bigelow, and Kathryn Bigelow Inc.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06366-GHK (PLAx) | Date | January 3, 2008 |
|---|---|---|---|

| Title | *Red, et al. v. Focus Features Int'l, et al.* |
|---|---|

(collectively, "Plaintiffs")[1] filed three claims against Defendants Focus Features International LLLP, Focus Features LLC, NBC Universal Inc., Universal Studios Inc., F/M Entertainment LP, F/M Entertainment LLC, F/M Entertainment Inc., Platinum Dunes Productions Inc., Primary Productions Inc., Edward Feldman, Charles Meeker, Michael Bay, Andrew Form, Bradley Fuller, and Amy Kaufman (collectively "Defendants") for: (1) copyright infringement; (2) breach of contract; and (3) tortious inducement to breach and interference with contract.  Defendants NBC Universal Inc., Universal Studios Inc., Focus Features International LLLP, Focus Features LLC, Platinum Dunes Productions Inc., Primary Productions Inc., Michael Bay, Andrew Form, Bradley Fuller, and Amy Kaufman ("moving Defendants") move to dismiss Plaintiff's claims.

   A.   **Copyright Infringement Claim**

   To establish a claim for copyright infringement, Plaintiffs must demonstrate: "(1) ownership of the copyright; and (2) infringement-that the defendant[s] copied protected elements of the plaintiff[s'] work."  *Kling v. Hallmark Cards Inc.*, 225 F.3d 1030, 1037 (9th Cir. 2000).  Plaintiffs allege that Defendants are infringing on their copyrighted Screenplay, entitled *Near Dark*, by creating a movie remake based on the Screenplay.  Defendants move to dismiss Plaintiffs' copyright infringement claim on the ground that Plaintiffs are not the owners of the copyright, and therefore, cannot establish an essential element of their claim.

   Defendants argue that the February 21, 1986 agreement ("Agreement") between Plaintiffs and Defendant F/M Entertainment regarding the rights to the Screenplay shows that Plaintiffs do not own the copyright to the motion picture rights in the Screenplay.  Rather, Defendants argue, that the Agreement shows Defendant F/M Entertainment was sold *all* of the "motion picture and television rights" in the Screenplay, including remake rights.  Plaintiffs argue that Defendants' right to use the Screenplay was limited to the original motion picture produced from the Screenplay in 1987 and that remake rights were not sold to Defendants under the Agreement.

   We conclude that the Agreement, attached to Plaintiffs' FAC, shows that Plaintiffs are not the owners of the copyright at issue.  The language of the agreement grants Defendant F/M Entertainment "the motion picture, television, plus allied and ancillary rights in and to the original screenplay."  This language is not limited to the original movie that Defendant F/M Entertainment produced and, in the absence of a statement to the contrary, includes movie remake rights as well.  Plaintiffs argue that the agreement "*only* allows the use of the copyrighted screenplay in the originally produced movie."  Clearly this is incorrect.  The Agreement not only does not state this proposition, but also contains contrary express language that includes, for example, *television* rights.

---

   [1]  In the First Amended Complaint ("FAC") and Opposition, Eric Red, Redworks, and Redworks Inc. are referred to as Plaintiffs, while Kathryn Bigelow and Kathryn Bigelow Inc. are referred to as Third Party Plaintiffs.  For ease of reference, we refer to them collectively as "Plaintiffs."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06366-GHK (PLAx) | Date | January 3, 2008 |
|---|---|---|---|
| Title | *Red, et al. v. Focus Features Int'l, et al.* | | |

    Additionally, the inclusion of ¶ 11 in the Agreement demonstrates that Defendant F/M Entertainment was granted remake rights in the Screenplay.[2] First, it would not make sense to include a contractual provision governing the parties respective rights in a remake if movie remake rights were not already granted as part of the Agreement. Furthermore, there is no statement in ¶ 11, or elsewhere in the Agreement, that Defendant F/M Entertainment must acquire another license or purchase the Screenplay rights from Plaintiffs in order to create a remake. Rather, ¶ 11 addresses what involvement and contractual rights Plaintiffs are to have in any remake and how they will be compensated for their services. Thus, the Agreement simply provides that Plaintiffs are entitled to participate in a remake, and if not, to a certain percentage of the exploitation of the screenplay – like a royalty.

    Moreover, the letter sent by Plaintiffs' counsel to Defendant Focus Feature on October 25, 2005, and attached to the FAC, also belies Plaintiffs' copyright infringement claim. The letter states that it has come to Plaintiff Red's attention that "Focus is considering producing and/or financing a remake or sequel of [Near Dark]." First, the letter explicitly states that "the screenplay entitled "Near Dark" . . . was optioned and ultimately purchased in the late 1980's by F/M Entertainment and produced as a motion picture." The letter then simply informs Focus of the terms of ¶ 11 that entitled Plaintiffs to participate in a remake. It does not state that Defendant Focus Feature and/or Defendant F/M Entertainment cannot create a remake because they do not own the movie remake rights to the Screenplay or request to discuss a purchase of movie remake rights in the Screenplay. Rather, it states that "[I]f this project is to go forward, I look forward to speaking with you, at least on behalf of Eric Red, to negotiate the terms of his writing and executive producing the deal." Thus, the letter only references Plaintiff Red's right to be involved in a remake pursuant to ¶ 11 and not any purported negotiation of the granting of any license for a remake.

    The Agreement and letter attached to Plaintiffs' FAC show that they are not the owners of the copyright at issue, and as such, they cannot establish an essential element of their claim. Therefore, we **GRANT** Defendants' Motion to Dismiss with respect to Plaintiffs' copyright infringement claim. Moreover, because this defect cannot be cured by any amendment, we do not grant leave to amend the

---

    [2] Paragraph 11 states: "With respect to theatrical prequels, sequels, and remakes, there will be a right of first opportunity for Red and Bigelow [Plaintiffs] to render the same services hereunder as the writers, directors and executive producer, with a "floor" of the terms of this deal, it being understood that for such purpose the writer's floor will be achieved as long as the overall deal offered by Producer [Defendant F/M Entertainment] (including bonuses contingent on sole credit) equal or exceed the financial terms applicable to the Property [Screenplay] hereunder. With respect to any such theatrical prequel, sequel, or remake in connection by which Artist [Plaintiffs] does not render writing services, Artist shall be entitled [to] a passive payment equal to 1/3 of the cash payment and net profit participation applicable to the Property with respect to each such remake and 1/2 of the cash payment and net profit participation applicable to the Property with respect to each such prequel and sequel. Television royalties (i.e. for . . . mini-series, prime and non-prime time series and pilots) and royalties for remakes or sequels produced directly for home video will be negotiated in good faith."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06366-GHK (PLAx) | Date | January 3, 2008 |
|---|---|---|---|
| Title | *Red, et al. v. Focus Features Int'l, et al.* | | |

FAC as to the copyright claim.

### B. State Law Claims

Plaintiffs' copyright infringement claim was the only basis for federal jurisdiction because no other federal question is implicated in this case, and diversity of citizenship does not exist between the parties. As we have dismissed Plaintiffs' copyright infringement claim, we decline to exercise jurisdiction over the remaining state law claims. *See 28 U.S.C.A. § 1367* ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if-- the district court has dismissed all claims over which it has original jurisdiction."); *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007) (same). Therefore, we **GRANT** Defendants' Motion to Dismiss with respect to all of Plaintiffs' state law claims.

### C. Non-Moving Defendants

Defendants F/M Entertainment LP, F/M Entertainment Inc., F/M Entertainment LLC, Edward Feldman, and Charles Meeker (collectively "non-moving Defendants") do not move to dismiss at this time. However, the Ninth Circuit has held that where moving Defendants are entitled to dismissal and non-moving Defendants are "in a position similar to that of moving defendants or where claims against such defendants are integrally related," we may dismiss the action with respect to all defendants. *Silverton v. Department of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981).[3]

Here, Plaintiffs' claims against the non-moving Defendants are the same as the claims against the moving Defendants. Plaintiffs are alleging the same infringement of the Screenplay copyright under the same set of facts. The non-moving Defendants are not only in a "position similar to" that of the moving Defendants; they are in the same position with respect to the copyright infringement claim. Furthermore, we see no reason to exercise our supplemental jurisdiction with respect to Plaintiffs' state law claims against the non-moving Defendants where we have declined to do so with respect to the moving Defendants. Therefore, on our own motion, we **DISMISS** this action with respect to the non-moving Defendants as well.

### III. Conclusion

Plaintiffs' copyright infringement claim is **DISMISSED** with prejudice as to all Defendants.

---

[3] Defendants argue that F/M Entertainment LLC is "in no way related or otherwise connected to the F/M Entertainment Defendants or to any other Defendants, and has no involvement in the *Near Dark* motion picture remake." Irrespective of F/M Entertainment LLC's connection to the other Defendants, the claims are nevertheless integrally related because Plaintiffs are still required to show ownership of the copyright at issue. As Plaintiffs are unable to do so, dismissal is appropriate as to F/M Entertainment LLC as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06366-GHK (PLAx) | Date | January 3, 2008 |
|---|---|---|---|
| Title | *Red, et al. v. Focus Features Int'l, et al.* | | |

Plaintiffs' state law claims are **DISMISSED** without prejudice as to all Defendants. *See* 28 U.S.C. § 1367(c)(3);(d).

**IT IS SO ORDERED.**

:

Initials of Deputy Clerk    Bea