UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06366-GHK (PLAx) | Date | February 20, 2008 |
|---|---|---|---|
| Title | *Red, et al. v. Focus Features Int'l, LLLP, et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   (In Chambers) Order re: Defendants' Motion for Attorneys' Fees

This matter is before the Court on Defendants' Motion for Attorneys' Fees ("Motion"). We have considered the papers filed in support of and opposition to this Motion, including the supplemental briefing, and deem this matter appropriate for resolution without oral argument. L.R. 7-15.

**I.   Legal Standard**

Defendants seek an award of attorneys' fees as the prevailing party on a claim under the Copyright Act. The Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. It is not contested that, here, Defendants are the prevailing party with respect to the copyright infringement claim.[1]

The initial determination of reasonable attorneys' fees is calculated by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437.

In determining the number of hours reasonably expended, in addition to other factors which may be appropriate under the circumstances, we consider those non-exclusive factors identified in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), that have been held to be subsumed in the lodestar calculation. *See Blum v. Stenson*, 465 U.S. 886 (1984); *Chalmers v. City of L.A.*, 796 F.2d 1205 (9th Cir. 1986). These factors include: the novelty and complexity of the issues, the special skill and

---

[1] Plaintiffs do not argue that attorneys' fees should not be awarded in this case. Rather, they object only to the amount requested by Defendants. Nevertheless, we have considered all of the factors identified in *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994), and conclude that an award of attorneys' fees is warranted in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06366-GHK (PLAx) | Date | February 20, 2008 |
|---|---|---|---|
| Title | *Red, et al. v. Focus Features Int'l, LLLP, et al.* | | |

experience of counsel, the quality of the representation, the results obtained, and the superior performance of counsel. *Blum*, 465 U.S. at 898-902.

We may also reduce the hours submitted by the fee applicant where documentation is inadequate, the case was overstaffed and hours are duplicated, or if the hours expended are excessive or otherwise unnecessary. *Hensley*, 461 U.S. at 433-34. For instance, where we cannot properly determine how much time was spent on which task due to block-billing (e.g., billing only one aggregate time value for multiple activities), a reduction in the claimed hours is appropriate. *See id.* at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."); *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) ("If the district court felt that it needed more detailed information, it should have either requested the information, . . . or simply reduced the fee to a reasonable amount."); *Chalmers*, 796 F.2d at 1210 ("[H]ours may be reduced by the court where documentation of the hours is inadequate . . . .").

We determine the reasonable hourly rate by considering the experience, skill, and reputation of the attorney requesting fees. *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1384 (9th Cir. 1990), *overruled on other grounds by Burlington v. Dague*, 505 U.S. 557 (1992).

Once the lodestar amount has been determined, the second part of the "lodestar/multiplier" approach allows us to increase or decrease that amount based on the *Kerr* factors which are not subsumed in the initial lodestar calculation. *Id.* at 1383. However, the initial lodestar amount is presumed to constitute a reasonable fee; thus, any upward or downward adjustments to that amount are rare. *Id.*

Finally, although we do not have to calculate the fee award with precision, we must provide some indication of how we arrive at the figures and the amount of the award. *Chalmers*, 796 F.2d at 1211. At the very least, the court must set forth the number of hours compensated and the hourly rate applied. *Id.*

## II.     Hours Expended

Plaintiffs have two complaints about Defendants' calculation of the hours their attorneys worked. First, they argue that the number may include time worked on Plaintiffs' state law claims, which do not entitle Defendants to attorneys' fees. In this case, the factual issues between the state law and copyright infringement claims are not so intertwined that we cannot differentiate between work done on each claim. As such, we have excluded fees for hours that clearly went toward the state law claims.

Second, Plaintiffs argue that the claimed time is excessive, unnecessary, and repetitive. They argue that the time expended is unreasonable in light of the relatively quick disposition of the case, the alleged simplicity of the copyright infringement issue, and the expertise of counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06366-GHK (PLAx) | Date | February 20, 2008 |
|---|---|---|---|
| Title | *Red, et al. v. Focus Features Int'l, LLLP, et al.* | | |

Defendants simply provided a copy of their time entries without making any attempt to categorize the work done on this case. Therefore, for ease of analysis, we have broken Defendants' hours into rough categories for each stage of the litigation.

### A. Pre-Pleading Investigation

In this category, we include activities such as reading and analyzing the Complaint and First Amended Complaint, researching copyright registrations, and any initial research to become familiar with the case. Defendants claim that it took two partners 13.3 hours to complete these tasks. After reviewing the billing records and the file in this case, we find that it should reasonably have taken one partner no more than 5.3 hours to complete this work.

### B. Research and Analysis for the First Motion to Dismiss

Defendants claim to have spent 33.7 hours researching and analyzing the copyright infringement portion of their first Motion to Dismiss ("First Motion"). This work was completed by two partners and an associate. However, the copyright portion of the First Motion was only twelve pages long, and had four pages of exhibits in the Request for Judicial Notice. Additionally, the First Motion focused on Plaintiffs' lack of ownership in the copyright at issue, which Defendants claimed was readily ascertainable from a letter attached to the Complaint. As such, we find that the hours spent researching were excessive. Given the narrow scope of the issues in the First Motion, we find that it should have taken no more than 8 hours of research by an associate and 2 hours by a partner to complete these tasks

### C. Preparing the First Motion to Dismiss

Defendants billed 39.2 hours preparing the First Motion, including writing, reviewing, and preparing it for e-filing. The work was split between two partners, one associate, and one paralegal. The great majority of this work was billed by partners. As noted above, the length of the First Motion and the narrow issues involved lead us to conclude that this is excessive, repetitive, and unnecessary. Other than noting their "obligation of zealous advocacy," Defendants make no showing as to why the time and resources of so many attorneys needed to be expended on this task. We find that this work could have been done reasonably in 16 hours by an associate, 5 hours by a partner, and 4.8 hours by a paralegal.

### D. The Second Motion to Dismiss

Defendants claim that it took two partners 6.1 hours to complete the Second Motion to Dismiss ("Second Motion"). We find this to be an excessive and inefficient use of time and resources. The copyright portion of the Second Motion is nearly identical to the First Motion. We find that no more

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06366-GHK (PLAx) | Date | February 20, 2008 |
|---|---|---|---|
| Title | *Red, et al. v. Focus Features Int'l, LLLP, et al.* | | |

than 2 hours by an associate and 1 hour by a partner should have been spent to complete this work.

### E. Conferring and Email

Defendants spent 15.3 hours emailing and conferring with clients and each other. Although client conferences are usually necessary, we find this number to be excessive. We find it is reasonable for one partner and one associate to have spent 5 hours, each, on these activities.

### F. Procedural Research

Defendants engaged in 6.8 hours of procedural research, the majority of which was billed to two partners. We find that it would be reasonable for a paralegal to perform these tasks in 2 hours.

### G. Motion for Attorneys' Fees

Defendants claim to have spent 22 hours on this Motion. The Motion, excluding exhibits and declarations was only nine pages long, and the Reply was only six pages long. We find that 22 hours of work performed by two partners, one associate, and one paralegal, is excessive and unnecessary. We find that 10 hours for one associate, 3 hours for one partner, and 1/2 hour for one paralegal is a reasonable amount of time to spend in connection with this Motion.

## III. Hourly Rate

Plaintiffs object to the hourly rates charged by Defendants because there is no "expert statement" that the rates are reasonable. However, Plaintiffs' Opposition acknowledges that such testimony is not required and that the court may consider its own experience when determining what constitutes a reasonable rate. Based on the evidence provided in Defendants' declaration and our own knowledge of attorneys' fees, we find that the reasonable market rate for attorneys of equal skill and experience are as follows: (a) $370 for a partner, (b) $225 for an associate, and (c) $50 for a paralegal.

## IV. Lodestar

Due to the adjustments described above, we find that the following table shows reasonable attorneys' fees in this case:

| ATTORNEY | TOTAL HOURS | HOURLY RATE | LODESTAR |
|---|---:|---:|---:|
| Partner | 21.3 | $370.00 | $7,881.00 |
| Associate | 41 | $225.00 | $9,225.00 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-06366-GHK (PLAx) | Date | February 20, 2008 |
|---|---|---|---|
| Title | *Red, et al. v. Focus Features Int'l, LLLP, et al.* | | |

| Paralegal | 7.3 | $50.00 | $365.00 |
|---|---|---|---|
| **TOTAL:** | 69.6 | | $17,471.00 |

### V.  Multiplier

Neither party argues for a multiplier, and we see no reason why the foregoing analysis does not account for all relevant factors in determining reasonable attorneys' fees. Accordingly, Defendants are **AWARDED** $17,471.00 in attorneys' fees.

### VI.  Costs

Defendants filed a Declaration in Support of Bill of Costs. However, Defendants' Motion does not actually move the court for an award of costs. We direct Defendants to seek costs from the clerk in the first instance.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | Bea | |